IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **C.R.J., a minor, by and through his Father, CARLOS RODRIGUEZ** | **CIVIL ACTION NO.:** \_\_\_\_\_ |
| *Plaintiff*, | |
| V. | |
| **HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ, and DEPUTY BERT DILLOW, Individually.** | |
| *Defendants.* | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

C.R.J., a minor, by and through his Father, CARLOS RODRIGUEZ, COMPLAINS OF HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ, *INDIVIDUALLY,* AND DEPUTY BERT DILLOW, AND WILL SHOW THIS COURT THE FOLLOWING:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the federal claims of Plaintiff in this action, under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C §§ 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.

1

2. Venue is proper in this Court pursuant to 28 USC § 1391(b) as all material facts out of which this suit arise occurred within the Southern District of Texas, Houston Division.

### PARTIES

3. Plaintiff C.R.J., a minor, by and through his Father, CARLOS RODRIGUEZ, is an individual who resides in Harris County, Texas.

4. Defendant HARRIS COUNTY, TEXAS (hereinafter sometimes "The County") is a governmental body existing under the laws of the State of Texas and may be served with process by serving Harris County Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002.

5. Defendant SHERIFF ED GONZALEZ, Individually, at all times relevant was the Harris County Sheriff and can be served with process at 1200 Baker Street, Houston, Texas 77002 or wherever he is found.

6. Defendant DEPUTY BERT DILLOW (hereinafter sometimes "Deputy Dillow"), Individually, at all times relevant was a Harris County Sheriff's Deputy and can be served with process at 1200 Baker Street, Houston, Texas 77002 or at his home, 8618 E Highlands Crossing, Highlands, Texas 77662, or wherever he is found.

## FACTS

7. On March 1, 2021, C.R.J., a Hispanic who was sixteen years-old at the time, was pumping gas into his ATV (also known as a four-wheeler) at a Shell gas station with an adjoining Leap Frog convenience store located at 12525 N. Lake Houston Parkway in Harris County, Texas. A high school sophomore, C.R.J. enjoyed riding his ATV with friends through the trails surrounding their neighborhoods.

8. In broad daylight, and as witnessed by C.R.J.'s friends and other gas-station patrons, Harris County Sheriff's Deputy Bert Dillow exited the same Leap Frog convenience store with a beverage in his hand and walked straight towards C.R.J. The encounter is on videotape and was shown on various media outlets. *See* https://abc13.com/bert-dillow-punches-teen-on-atv-carlos-rodriguez-punched-by-harris-county-deputy-punch-caught-camera-sheriffs-office/10534248/.

9. Sheriff's Deputy Dillow had no justifiable reason to approach C.R.J. in the aggressive manner in which he did and which can be seen in the videotape. C.R.J., a teen with brown skin and curly hair, seemed to have been targeted by Sheriff's Deputy Dillow because of the way he looked.

10. Sheriff's Deputy Dillow then reached the pumping station where C.R.J. was standing and immediately and aggressively demanded that C.R.J. show him his ID. As C.R.J. complied, Sheriff's Deputy Dillow then asked C.R.J. to put

his hands behind his back before he "beat the s***" out of him.  C.R.J. became fearful and startled, so looked back to see what Sheriff's Deputy Dillow was doing.  That was when Sheriff's Deputy Dillow began to punch C.R.J..  He threw C.R.J. to the floor and continued to punch C.R.J.'s body and face.  Sheriff's Deputy Dillow contemporaneously used profane and hateful language directed at C.R.J.

11. To make matters worse, Sheriff's Deputy Dillow proceeded to arrest C.R.J. and took him to the County Jail.

12. Sheriff's Deputy Dillow attempted to have charges brought against C.R.J. for evading arrest, but no charges were ever brought against the teen.

13. As a result of this attack, C.R.J. sustained physical injuries to his body, and has sustained mental anguish, which will in all reasonable probability continue into the future.

14. This is not the first time Sheriff's Deputy Dillow was involved in the violent attack of a Hispanic person.  In January 2002, Sheriff's Deputy Dillow, while with the Baytown police department, was involved in the controversial killing of a Hispanic man who was suffering health problems and who Dillow and other Baytown police were trying to apprehend. Harris County and the Sheriff's Department were aware of this prior incident at the time they hired Sheriff's Deputy Dillow.

## 42 U.S.C. SECTION 1983 AGAINST HARRIS COUNTY AND SHERIFF'S DEPUTY

15. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

*Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.*

16. The 4th Amendment to the United States Constitution provides:

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

17. The 14th Amendment to the United States Constitution provides:

*No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

### CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations By The Sheriff and Sheriff's Deputy]

18. The deputies referenced (includes Sheriff's Deputy Dillow and Sheriff Gonzalez) engaged in a deliberate and an outrageous invasion of Plaintiff's rights

that shocks the conscious in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Plaintiff re-alleges and incorporate all allegations of this Complaint as if fully set forth herein.

19. The deputies referenced misused and abused the official power granted to him by Harris County, Texas in the performance of his official duties thereby causing harm to Plaintiff.

20. The deputies referenced by their acts and omissions alleged above, under color of law and acting pursuant to the customs, practices and policies of Harris County, Texas, deprived Plaintiff of his rights thereby violating the Fourth Amendment to be secure in their persons, the Fourteenth Amendment right not to be deprived of life and liberty without due process and equal protection under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by failing to provide all for which the deputies are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

21. The deputies acted against Plaintiff through official policies, practices, and customs with malice, deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff. Furthermore, the incidents complained of were not reasonably related to any legitimate governmental objective, as there is no legitimate governmental justification to use excessive force, falsely arrest, and maliciously prosecute a person.

22. As a direct and proximate result of Defendants' acts, which were so outrageous in character and extreme in degree to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

23. As shown below, the Deputies actions were part of a policy and practice condoned by Harris County, Texas.

## CIVIL RIGHTS VIOLATION
## [42 U.S.C. § 1983 and Constitutional Violations By the County]

24. In addition, and in the alternative, Harris County (and its governmental branch, Harris County Sheriff's Office), including but not limited to Sheriff Gonzalez and Sheriff's Deputy Dillow (alone and in concert and/or individually) engaged in a policy and practice of deliberate indifference to the care and custody of citizens and detainees that resulted in the unlawful detention, false arrest, and malicious prosecution of Plaintiff.

25. In addition, and in the alternative, Harris County gave inadequate training to civilian and officer personnel, including but not limited to Sheriff's Deputy Dillow and failed to supervise with respect to detentions of civilians.

26. Plaintiff contends that policies, procedures, practices and customs of Harris County and the HCSO including but not limited to the deputies referenced herein (alone and in concert and/or individually) put Plaintiff in an inherently dangerous situation and violated his rights under the First, Fourth and Fourteenth

Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

27. Plaintiff contends that the failures to train and supervise staff regarding the policies, procedures, practices and customs of Harris County and the deputies put Plaintiff and potentially others in a dangerous situation and violated their rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

28. During the relevant time period contemplated by this cause of action, Harris County and the HCSO, including but not limited to the deputies (alone and in concert and/or individually) failed to follow state and federal laws, federal and state regulations with regard to minor citizens generally and specifically Plaintiff.

29. During the relevant time contemplated by this cause of action, Harris County and the HCSO, including but not limited to the deputies (alone and in concert and/or individually) failed to follow their own written policies and procedures and those of the State of Texas and other authorities on standards of care, use of force, freedom of speech, and probable cause for arrest and prosecution.

30. Facts at the time of filing this Complaint supporting each of the elements of a § 1983 claim against Harris County and the HCSO and its employees are found above and applicable to all claims, but may be summarized as follows:

- Failed to properly train, hire, control, discipline, including firing, and supervise employees;

- Promulgated, condoned, or showed indifference to improper policies or customs;

- Continued such practices of improper policies or customs as to constitute custom representing policy;

- Failed to investigate claims of assault, excessive force and other violations.

31. These actions by Harris County and the HCSO subjected Plaintiff to confinement with constitutionally inadequate safety protections such as: Staffing the police force with officers with no (or insufficient) training, oversight, supervision, or discipline.

32. Harris County and the HCSO intentionally, and with deliberate indifference, deprived Plaintiff of his clearly established federal constitutional rights, including, but not limited to:

- His right to reasonably safe conditions of detention, assuming only for purposes here that such detention was justified;

- His right to be free from assault and excessive force;

- His right to be free from Unreasonable Searches and Seizures;

- His right to Due Process and to be free from malicious prosecution;

## PEACE OFFICER LIABILITY - 42 U.S.C. § 1983

33. Plaintiff brings a claim against Harris County and Sheriff's Deputy Dillow (alone and in concert and/or individually), pursuant to 42 U.S.C. § 1983 and for punitive damages (individuals only).

34. A municipality may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city should have had a clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

## ASSAULT

35. Plaintiff brings a claim for Texas state law assault against Sheriff's Deputy Dillow in his individual capacity. Plaintiff does not bring an assault claim against Harris County.

## DAMAGES

36. Based upon the operative facts plead above, such acts and omissions rise to the level of deliberate indifference and conscious indifference constituting a violation of the First, Fifth, Fourth and Fourteenth Amendments of the Constitution of the United States for which Plaintiff seeks recovery.

37. Each and every of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly, and severally, constitute a direct and proximate cause of the injuries and damages set forth herein. As a direct,

proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages in an amount to be proved at trial.

38. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally, physical, mental, and psychological damages in the form of extreme and enduring worry, grief, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

39. Defendants are vicariously liable for their employees, supervisors, officials, representatives, and all those acting in concert with them.

40. Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiff requests that the Court award his attorneys' fees and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A. Enter a declaratory judgment that the policies, practices, acts, and omissions complained of herein violated Plaintiff's rights;

B. Award compensatory damages for Plaintiff against Defendants, jointly and severally;

C. Award punitive damages against all individually-named Defendants;

D. Award reasonable attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against Defendants, jointly and severally pursuant to 48 U.S.C. § 1988;

E. Award pre- and post-judgment interest; and

F. Award costs of Court;

G. Retain jurisdiction over Defendant Harris County such time that the Court is satisfied that Defendants' unlawful policies, practices, acts, and omissions no longer exist and will not recur; and,

H. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully Submitted,

**SORRELS LAW**

_____
Randall O. Sorrels (Attorney-in-Charge)
Texas Bar No. 10000000
U.S. Southern District of Texas Bar No. 11115
5300 Memorial Dr., Suite 270
Houston, Texas 77007
Tel: (713) 496-1100
Fax: (713) 238-9500
randy@sorrelslaw.com

**ATTORNEY FOR PLAINTIFFS**